**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MANOJ KUMAR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1158-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** [1] | ) | |

## REPORT AND RECOMMENDATION

Petitioner Manoj Kumar, an Indian citizen proceeding with counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 4). In accordance with the expedited briefing schedule, (Doc. 8), Respondents timely filed a Motion to Dismiss the Petition.[3] (Doc. 11). Petitioner timely filed a Response to the Motion. (Doc.

[1] Chris Gantt replaced Scarlet Grant as Warden of Cimarron Correctional Facility. Therefore, the Court substitutes him as a Respondent in this matter pursuant to Federal Rule of Civil Procedure 25(d).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

[3] The Motion was not filed on behalf of Respondent Scarlet Grant, now-former Warden of the Cimarron Correctional Facility, because she is not a federal official. (Doc. 11, at 1 n.1). The undersigned concludes that a separate motion or response from Scarlet Grant – or Chris Gantt, the current warden – is not necessary to resolve this matter.

12). For the reasons set forth below, the undersigned recommends the Court **GRANT** Respondents' Motion to Dismiss, (Doc. 11), and **DISMISS** the Petition.

## I. Factual Background and Procedural History

Petitioner is a citizen of India who entered the United States without inspection on or about March 7, 2023. (Doc. 1, at Ex. 1, at 1). On March 9, 2023, ICE instituted removal proceedings against him through issuance of a Notice to Appear, alleging he was an alien present in the United States who had not been admitted or paroled. (*Id.*) At some point thereafter, Petitioner was released from ICE custody. On or about December 26, 2025, ICE re-detained Petitioner, which Petitioner alleges occurred without a judicial warrant. (*Id.* at 2). On January 7, 2026, an immigration judge denied bond based on lack of jurisdiction and flight risk. (*Id.* at Ex. 2, at 2).

On January 30, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. *See Kumar v. De Anda-Yabarra*, Case No. 26-CIV-164-R (W.D. Okla. Jan. 30, 2026) ("First Habeas Proceeding"). On March 17, 2026, this Court granted Petitioner's petition in part, finding that Petitioner is subject to detention under 8 U.S.C. § 1226(a), but declined to order another bond hearing. *Kumar v. De Anda-Yabarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

On July 15, 2026, an immigration judge ordered Petitioner removed. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Aug. 27, 2026). However, on July 29, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is currently pending. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

## II. Petitioner's Claims and Respondents' Responses

The instant Petition was filed on May 20, 2026. (Doc. 1, at 20). Petitioner raises two grounds for relief alleging: (1) his arbitrary re-detention violated his due process rights, and (2) his arbitrary re-detention without a warrant and Respondents' decision to detain him pursuant to 8 U.S.C. § 1225(b) without articulating a reason for his re-detention or providing a pre-detention individualized assessment exceeds their statutory authority in violation of the Administrative Procedures Act ("APA"). (Doc. 1, at 15-19). For relief, Petitioner seeks immediate release. (*Id.* at 19).

Respondents timely moved to dismiss the Petition under the abuse of the writ doctrine arguing the Petition "essentially restates the issues previously addressed by this Court." (Doc. 11, at 1-2). Respondents assert (1) Petitioner's Due Process claim (Count I) is "duplicative of the claims" in the First Habeas Proceeding, and (2) Petitioner's APA claim "could have been brought in the first action and Petitioner offers no explanation for his failure to do so." (*Id.* at 3-5).

In Response, Petitioner argues "he is not relitigating the same claim raised in his prior habeas petition" because "[n]ow the Court has determined that Petitioner is properly subject to detention under § 1226," and he "challenges Respondents' actions in re-detaining him and continuing his detention without compliance with the procedural safeguards required under § 1226 and the Constitution." (Doc. 12, at 1). Rather, Petitioner asserts "[t]he question presented now is whether Respondents had lawful authority to seize Petitioner without a warrant or to re-detain him under § 1226(b) without constitutionally adequate procedures." (*Id.* at 2).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear . . . challenges to the lawfulness of immigration-related detention." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

"Where . . . a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways." *Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174, at *1 (W.D. Okla. Aug. 17, 2026) (quoting *Lazare v. De Anda-Ybarra*, No. 2:26-CV-00808-KG-KK, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026)). "If the first § 2241 case is still pending, the later filed petition may be dismissed as duplicative and without prejudice" and "[t]he petitioner is then free to continue prosecuting claims in his . . . existing § 2241 case." *Id.; see also Lazare*, 2026 WL 2071154, at *1 (collecting cases dismissing duplicate § 2241 immigration petitions).

"On the other hand, if 'the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ.'" *Salib*, 2026 WL 2393174, at *1 (quoting *Fotabong v. FNU LNU*, No. 2:26-CV-02087-DHU-GJF, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026)); *see Tashchian v. Warden of Golden State Annex Det. Facility*, 2025 WL 3194356, at *1 (E.D. Cal. Oct. 2, 2025) (dismissing immigration petition based on the abuse of the writ doctrine). The "abuse of the writ"

doctrine developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255. *See Calderon v. Thompson*, 523 U.S. 538, 554, 558 (1998) (noting the statutory provisions applicable to § 2254 "do not govern" § 2241 proceedings, but may "inform [judicial] consideration" of the abuse of the writ doctrine).[4]

The abuse of the writ doctrine permits courts to dismiss successive § 2241 claims that were raised in a prior petition as well as new "claims [that] could have been raised in an earlier [petition] but were not." *Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010); *see also Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (noting "that generally the abuse of the writ doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition") (internal quotation omitted). While "the government bears the burden of pleading abuse of the writ," once it does so, "[t]he burden to disprove abuse then becomes petitioner's." *McCleskey v. Zant*, 499 U.S. 467, 494

[4] Judges in this District have acknowledged "Section 2244(a) of Title 28 of the United States Code does not bar [a] petitioner's new § 2241 habeas challenge since it only applies to a petitioner who is in detention 'pursuant to a judgment of a court of the United States', and petitioner's detention is not pursuant to such a judgment." *Lopez Galvan v. Figueroa*, Case No. 26-CIV-943-HE, Order, Doc. 11, at 3 n.3 (W.D. Okla. June 17, 2026) (quoting *Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007)); *see also Alsheref v. Mullin*, No. CIV-26-89-G, 2026 WL 2333813, at *4 n.5 (W.D. Okla. Aug. 12, 2026) ("Finally, consideration of the Petition is not barred by 28 U.S.C. § 2244(a), and Respondents have not sought dismissal under the abuse of the writ doctrine."); *Khan v. Current Sec'y of Dep't of Homeland Sec.*, Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190, at *2 (D.N.M. Mar. 19, 2026) ("The Tenth Circuit has squarely held that § 2244's bar on second or successive petitions does not apply to 2241 petitions filed by alien detainees."). However, "the abuse of the writ doctrine might apply" where the government raises it. *Lopez Galvan*, Case No. 26-CIV-943-HE, Order, Doc. 11, at 3 n.3.

(1991). Petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* at 494-495.

**V. Petitioner's Instant Petition Is An Abuse of the Writ.**

Here, Petitioner raises the same claims as his First Habeas Proceeding. Petitioner argued in his first petition that he was "unlawfully detained pursuant [to] 8 U.S.C. § 1225(b)(2)(A) . . . and that his re-detention without an individualized determination as to whether he is a flight or safety risk violates his due process rights." *Kumar*, 2026 WL 753944, at *1. In the present case, although Petitioner uses new labels for his claims, he otherwise makes similar factual arguments that Respondents re-detained him "without articulating a rationale based on his individualized circumstances," and that "detaining him in contradiction of his individualized circumstances" violates his due process rights. (Doc. 1, at 15-19). These arguments, while phrased slightly differently than before, appear to turn on the same issue: whether Petitioner received adequate process in connection with his immigration detention. *See Singh v. Warden, Otero Cnty. Processing Ctr.*, No. 26-CV-1988-KG-GBW, 2026 WL 1815471, at *2 (D.N.M. June 24, 2026) (ordering petitioner to show cause why second petition shouldn't be dismissed for abuse of the writ where although his arguments were "phrased slightly differently than before" both petitions "appear to turn on the same issue [of] whether Petitioner received adequate process in connection with his immigration detention"); *see also Lazare*, 2026 WL 2071154, at *2 (ordering petitioner to show cause why second petition shouldn't be dismissed for abuse of the writ where although his arguments were "phrased slightly differently than before" both petitions "appear to turn on the same issue"). This Court, however, has already

examined the immigration records and determined that he received an adequate bond hearing, as required by 8 U.S.C. § 1226. *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

In response to Respondents' Motion, Petitioner now asserts that the instant Petition is actually challenging his arrest without a valid warrant in violation of the INA, due process, and the Fourth Amendment. (Doc. 12, at 6-10). Even if the undersigned read the Petition to adequately raise such claims, those "claims could have been raised in [the] earlier [petition] but were not." *Stanko*, 617 F.3d at 1270. Petitioner has not "establish[ed] that the omission was not the result of inexcusable neglect." *Id.* at 1271 (citing *McCleskey*, 499 U.S. at 489). He has offered no explanation for why he did not or could not raise such warrantless arrest claims in the First Habeas Proceeding considering those facts existed at the time Petitioner's First Habeas Proceeding was filed. *See Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001) ("Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a claim will not excuse a delay. Instead, a petitioner must show that his efforts to raise the claim at earlier stages were 'impeded' by 'some objective factor external to the defense,' for example, where 'the factual or legal basis for a claim was not reasonably available to counsel' during earlier proceedings.") (quoting *McClesky*, 499 U.S. at 493-94). Accordingly, the Court should dismiss the Petition for abuse of the writ.

## VI. Recommended Ruling and Notice of Right to Object

For the reasons discussed above, the undersigned recommends the Court **GRANT** Respondents' Motion to Dismiss, (Doc. 11), and **DISMISS** the Petition. **The court**

**advises the parties of their right to object to this Report and Recommendation by September 3, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[5] The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 27th day of August, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[5] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) (noting that "[t]he Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").